**Virginia E. MILLS, Plaintiff,**

v.

**HOME EQUITY GROUP, INC., et al., Defendants.**

**Civ. A. No. 94–1471.**

United States District Court, District of Columbia.

Dec. 30, 1994.

Jean Marie Constantine–Davis, Nina Fay Simon, Legal Counsel for the Elderly, Washington, DC, for Virginia E. Mills.

Richard C. Deering, Alexandria, VA, for Home Equity Group, Inc.

James M. Towarnicky, Deutsch & Towarnicky, Silver Spring, MD, Jacob Geesing, Deutsch & Towarnicky, P.A., Bethesda, MD, pro hac vice, for Arthur G. Bennett.

James M. Towarnicky, Deutsch & Towarnicky, Bethesda, MD, for Ronald Deutsch, James Towarnicky, Jacob Geesing, Howard Bierman.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on Defendant Arthur Bennett's motion to dismiss and Plaintiff's motion for partial summary judgment. This case was originally filed in the Superior Court of the District of Columbia and was removed to this Court. Plaintiff borrowed $33,500 from Defendant Bennett, a mortgage lender. The loan was secured by a Deed of Trust on her residence. Defendant Home Equity brokered the loan between Plaintiff and Defendant Bennett.

Home Equity has neither made nor responded to any motions.

Plaintiff's complaint seeks relief on the basis of the following claims: 1) Violation of the Truth in Lending Act ("TILA"); 2) Violation of Maryland Finder's Fee Law; 3) Violations of Maryland's usury laws; 4) Unconscionability of the mortgage transaction; 5) Breach of Fiduciary Duty; 6) Violation of the D.C. Consumer Protection Procedures Act; and 7) Application of Invalid Foreclosure Procedures.

In his motion to dismiss with respect to claims 1, 3, 4 and 6, Defendant Bennett asserts that if, in fact, they do state a cause of action, Plaintiff has settled and compromised these disputed claims. With respect to the 7th claim, Defendant Bennett asserts that it is moot since foreclosure has not occurred due to the TRO which is now in place.

Plaintiff, in opposition to Defendant Bennett's motion, moves for partial summary judgment with respect to claims 1 and 3. No damage issues have been addressed.

## STATEMENT OF FACTS

On December 20, 1991, Plaintiff, who had a poor credit history, entered into a loan agreement with Defendant Bennett. The loan was brokered by Larry Leftowitz of Defendant Home Equity Group, Inc. Plaintiff's loan of $33,500 was secured by a Deed of Trust on her residence located in the District of Columbia. The loan was a one year loan with the principal balance to be paid in a lump sum at the end of the year. The annual effective rate of simple interest was 24%. Each month, interest payments of $670 were to be made.

Plaintiff did not meet her monthly obligations and in August 1992 Defendant Bennett initiated collection proceedings against Plaintiff. In March 1993, Plaintiff, represented by pro bono counsel, and defendant entered into a purported settlement agreement which restructured the loan as follows:

1. The monthly payments were reduced to $300;

2. The term of the loan was extended 2 years to March 1, 1995;

3. The prospective interest rate on the loan was reduced from 24% to 15%; and

4. The new principal amount of the loan was increased to $41,352 to reflect the unpaid principal and accrued interest at the original interest rate of 24% and penalties and late charges.

Plaintiff signed a "release" which in part reads:

> Pursuant to this Amendment and for and in consideration of Lender's Release, Borrowers individually and for their heirs, next of kin, executors, partners, agents, associates, affiliates, administrators, successors or assigns, hereby release, acquit, and forever discharge Lender and his heirs, executors, administrators, representatives, successors and assigns from any and all claims, demands, damages, losses, liabilities, rights, causes of action, and suits, whatsoever that Borrowers had, have or might have against Lender arising out of or relating to the Original Loan documents, including but not limited to any claims of lender liability, usury, Regulation Z [1], or any other violation of law knowingly or unknowingly committed.

Plaintiff defaulted on the restructured loan and Defendants commenced foreclosure proceedings in May 1994. On June 9, 1994, Plaintiff represented by new counsel sent Defendants a notice of rescission pursuant to the Truth in Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23. When defendant Bennett's counsel informed Plaintiff that the purported rescission was deemed to be of no effect, this action followed.

## MOTION TO DISMISS STANDARDS:

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept as true each of the allegations in the complaint. The motion should not be granted unless the plaintiff can prove no set of facts entitling her to the relief sought in the complaint.

1. Regulation Z refers to the Truth in Lending Act.

*See, e.g. Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) will be treated as a motion for summary judgment under Rule 56 where matters outside the pleadings are presented by the moving party and considered by the trial court. See, e.g., *Perry v. Block*, 684 F.2d 121, 126 (D.C.Cir.1982). Such is the case with respect to Defendant Bennett's motion to dismiss.[2] As such, his motion will be treated as a summary judgment motion.

## SUMMARY JUDGMENT STANDARDS:

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The material facts in this case are not in dispute and the issues before the Court are solely ones of law.

## ANALYSIS AND DECISION

### TRUTH IN LENDING ACT

#### 1. Violations

■ The Truth in Lending Act ("TILA") governs consumer credit transactions such as this transaction where the Defendant took a security interest in Plaintiff's home. The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit ..." 15 U.S.C. § 1601(a). TILA mandates that certain key disclosures be made to the consumer. Five specific disclosures are considered to be "material disclosures":

1) the amount financed;

2) the finance charge;

3) the annual percentage rate;

4) the payment schedule; and

5) the total of payments.

Regulation Z § 226.23(a)(3), n. 2. If these material disclosures are not made, then the consumer retains for three years the right to rescind the transaction. Regulation Z § 226.23(a)(3).

There is no bona fide dispute regarding Plaintiff's claim that TILA was violated with respect to the December 20, 1991 loan. Defendant Bennett did not provide all of the required material disclosures. Specifically, he did not disclose the finance charge, the schedule of payments and the total of payments to be made.

■ The finance charge "is the cost of consumer credit, as a dollar amount. It includes any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or a condition of the extension of credit." Regulation Z § 226.4(a). The lender must disclose the finance charge, using the specific term itself. Defendant Bennett failed to specify the amount of money that constituted the "finance charge."

The payment schedule must be disclosed as "the number, amounts, and timing of payments scheduled to repay the obligation." Regulation Z § 226.18(g). In this case, the number of payments is not specifically disclosed and the amount of the final payment is not delineated.

The total of payments must be disclosed using the term "total of payments." The disclosure must also contain a descriptive explanation of the term such as "the amount you will have paid when you have made all scheduled payments." Regulation Z § 226.23(h). Defendant Bennett never even included the term "total of payments" in his disclosure statement.

#### 2. Validity of Release

■ Defendant Bennett contends that Plaintiff settled and released her TILA claim and should not be permitted to bring this claim anew. TILA is important consumer protection legislation. Its terms must be

---

**2.** Defendant Bennett submitted affidavits, correspondence and portions of deposition transcripts

in support of his motion to dismiss.

complied with meticulously. In this case, there was clearly a violation of TILA. Because TILA was violated, Plaintiff had the right to rescind which right cannot be released or waived absent the narrowly drawn circumstances found in TILA for such waiver.[3] As Defendant concedes, the waiver provisions were not met.

The statutory right conferred on Plaintiff to rescind is a private right affecting the public interest. TILA has "both a public and private purpose to justify its enforcement" as is apparent from the general provisions of TILA:

> The Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms....

15 U.S.C. § 1601; See *Parker v. DeKalb Chrysler Plymouth,* 673 F.2d 1178, 1181 (11th Cir.1982). In order to ensure that the proper disclosures are made, the public must rely on the efforts of individual consumers such as Plaintiff to act as "private attorneys general." *Id.* (citing *McGowan v. King, Inc.,* 569 F.2d 845, 848 (5th Cir.1978)).

The Supreme Court held in a case involving a private right created in the public interest (Fair Labor Standards Act) that the right could not be waived:

> It has been held in this and other courts that a statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy.... Where a private right is granted in the public interest to effectuate a legislative policy, waiver of a right so charged or colored with the public interest will not be allowed where it would thwart

the legislative policy which it was designed to effectuate.

*Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 704, 65 S.Ct. 895, 900–901, 89 L.Ed. 1296 (1945).

Plaintiff properly exercised her right to rescind within three years of the consummation of the loan transaction. This right was not waived by the settlement entered into with Defendant. Plaintiff was not told she had the unequivocal right to rescind. Indeed, the new loan amount included the unpaid principal and interest. For there to be any basis to argue that Plaintiff waived her statutorily conferred rights, she would have had to at the least been given the right to rescind and declined to assert it.

At no time did Defendant Bennett offer her such a right. Rather at all times, Defendant Bennett denied that Plaintiff had a valid claim under the Act.

### CONCLUSION

Plaintiff has the right to rescind and will be given 20 days to act. In light of this Court's findings, the other claims involved in this case need not be addressed at this time.

---

**3.** Pursuant to Reg. Z § 226.23(e)(1), a consumer "may modify or waive the right to rescind if the consumer determines that the extension of credit is needed to meet a bona fide personal financial emergency. To modify or waive the right, the consumer shall give the creditor a dated written statement that describes the emergency, specifically modifies or waives the right to rescind, and bears the signature of all of the consumers entitled to rescind."